Memorandum. Order of the Appellate Division reversed and the order of the Family Court reinstated, without costs.
The legislative history of section 232 of the Family Court Act and that of section 4403 of the Education Law are inconclusive and susceptible of contradictory inferences of legislative purpose. Indeed, the difficulty arises from the separate legislative tracks the two sections followed over a period of many years. Under the circumstances the two statutes must be read closely on the basis of their language without significant help from their history in resolving any ambiguities. If this leaves the legislative intention misinterpreted or a preferred allocation of costs ignored, then the remedy is legislative clarification.
Section 232 of the Family Court Act in its reference to "county or the proper subdivision thereof’ should be read to mean county or city (not city school district) in which the handicapped child is domiciled (resided) at the time of application as provided in the statute.
Section 4403 of the Education Law should be read to direct allocation of one half of the cost of a handicapped child’s education to the county or city (not city school district) in which the child resides (or is "domiciled” as in section 232 of the Family Court Act). The definitional section of the Education Law (§ 2, subd 17) is not applicable because the context in which the word "city” appears in section 4403 does not "clearly so indicate” as the definitional section requires.
In this fashion, section 232 of the Family Court Act and section 4403 of the Education Law are reconciled with the least amount of distortion of the language in both sections. The consequences of this construction is that the City of White Plains bears the burden of meeting one half the cost of the handicapped child’s education and the State the other half, after approval by the State Commissioner of Education. Before such approval the charge is, in the first instance, for the full cost, upon the county, or the city (not city school district), if the child is domiciled (resides) in a city rather than another part of the county.
*964 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order reversed, etc.