■ In the Matter of JACQUELINE E. KAYE, A Handicapped Child. GORDON I. KAYE, Petitioner; SOUTH ORANGETOWN CENTRAL SCHOOL DISTRICT et al., Appellants; COUNTY OF ROCKLAND, Respondent.—In a proceeding to provide for the education of a handicapped child, in which a hearing was held, (1) the South Orangetown Central School District appeals, as limited by its brief, from so much of an order of the Family Court, Rockland County, dated December 29, 1975, as denied its cross motion to dismiss the proceeding as against it and (2) the State Commissioner of Education appeals from so much of the said order as may be regarded as a direction that the said school district contribute toward the cost of the education of Jacqueline Elizabeth Kaye, a handicapped child, for the 1974–1975 school year. Order modified, on the law, by adding thereto a provision to the effect that the school district is not liable for the cost of the handicapped child's education. As so modified, order affirmed insofar as appealed from, without costs or disbursements. On March 27, 1974 a petition was filed by Gordon I. Kaye, on behalf of his daughter, Jacqueline Elizabeth Kaye, pursuant to section 232 of the Family Court Act, alleging that Jacqueline was a handicapped child in need of special educational services. The Family Court, after a hearing, found that Jacqueline was a handicapped child entitled to an education. Although accorded an opportunity at the hearing, neither the school district nor the Board of Cooperative Educational Services (BOCES) demonstrated that they, or any school registered by the Commissioner of Education pursuant to his regulations (8 NYCRR 200.7), had an appropriate program for the physical and mental needs of this handicapped child. The court further found that the Rockland Country Day School, an unregistered school, was an appropriate facility for the child. Thus, it ordered that she be furnished an education at the school and directed the County of Rockland to pay for the cost of the educational services. It also granted the county leave to apply for contribution to, or payment of the charges from, the State and/ or school district. Thereafter this proceeding was brought by the county to compel the State to reimburse it for one half the cost of the services, or, in the alternative, to compel the school district to contribute toward the cost of the services. In the order under review the court denied, as premature, the county's motion against the State and directed the school district to contract with the school for the child's education for the 1974–1975 school year. The question for our review is whether the Family Court may order a school district to contract with an unregistered school. The statutory scheme upon which the resolution of this question rests is unconsolidated, inartistically drafted and susceptible of contradictory inferences (see *Matter of Warren A.,* 53 AD2d 400). In reconciling specific sections of the Family Court Act *(infra)* with specific sections of the Education Law *(infra),* and in ascertaining the legislative intent of the statutory language (see *Matter of Lee E. B.,* 39 NY2d 962), it becomes clear that the Family Court acted properly when it ordered the school district to contract with the Rockland Country Day School for the education of the handicapped child. The permissive language of section 232 (subd [a], par [1]) of the Family Court Act indicates that certification by the State commissioner is not a mandatory requirement for placement of the child (see *Matter of James B.,* 75 Misc 2d 1012). And the absence of such a requirement in section 4403 of the Education Law further militates against the need for certification, as long as the Family Court finds

the facility suitable for the needs of the child (see *Matter of James B., supra; Matter of Daber,* 71 Misc 2d 303). Section 4404 (subd 2, par b) of the Education Law authorizes school districts to contract only with registered schools for the education of handicapped children. However, the Family Court is now empowered under section 255 of the Family Court Act to order the Commissioner of Education to render such assistance, information and cooperation as shall be within his legal authority concerning a child who is or shall be under its care, treatment, supervision or custody, as may be required to further the objects of the act. As previously mentioned, neither the school district, nor BOCES, nor any school registered by the Commissioner of Education, had an appropriate program for the needs of the handicapped child. Certainly, no one would argue that the child was therefore not entitled to an education. Indeed, there can be no doubt that a handicapped child has a right to a free education in the State of New York. And the handicapped child is further assured such free, specialized educational training as may be required *(Matter of Levy,* 38 NY2d 653). Since the Commissioner of Education can supersede his own regulations (see *Matter of James B., supra),* and since the Family Court is now vested with broad powers which give it the positive statutory duty to intervene in the lives of the parties who appear before it, we are of the view that, pursuant to section 255 of the Family Court Act, the Family Court can, for example, direct that the State commissioner inspect and certify a suitable institution (see *Matter of Carl G.,* 78 Misc 2d 453). The Family Court therefore possesses the same authority as is possessed by the State commissioner with regard to the superseding of his regulations. Having the authority to direct the State commissioner to act in accordance with its order (see *Usen \ Sipprell,* 41 AD2d 251; *Matter of Carlos P.,* 78 Misc 2d 851; *Matter of James B., supra; Matter of Walker v Foster,* 69 Misc 2d 400), the Family Court also has the power to impose its order on the local school district. However, it is the county, and not the school district, which must, in the first instance, bear the full cost of the education of the child, with the right to apply for reimbursement from the State for one half of the expense *(Matter of Lee E. B.,* 39 NY2d 962, *supra).* Latham, Acting P. J., Margett, Rabin, Titone and Hawkins, JJ., concur. [84 Misc 2d 569.]