Richard D. Rosenbloom, J.
The court has before it two petitions seeking orders for the educational needs of Cathy C., as a handicapped child, pursuant to section 232 of the Family Court Act. Shortly after Cathy’s birth on November 20, 1973, her parents surrendered her care and custody to James Reed in his capacity as Director of the Monroe County Social Services District. These proceedings are brought by Mr. Reed as Cathy’s guardian for the cost of transportation and tuition at an intensive preschool educational program in which she is enrolled.
Petitioner seeks an order against the County of Monroe, the City of Rochester or the Rochester City School District. The County of Monroe moved to dismiss as a matter of law on the grounds that the petitions were not timely filed, that James Reed is not a proper petitioner and that the cost of education should be imposed upon the school district. The City of Rochester also moved to dismiss on similar grounds and claimed additionally that the child has no domicile in and does not reside in the City of Rochester.
The petitions under consideration request orders for educational expenses for the school years 1975-1976 and 1976-1977. During the first school year in question, the parties are governed by the provisions of section 232 of the Family Court Act. During the second year, the controlling statute is section 236 of the Family Court Act which became effective on July 1, 1976. Section 232 (subd [a], par [1]), in effect until June 30, 1976, provided as follows: "Whenever a child within the jurisdiction of the court and under the provisions of this act appears to the court to be in need of special educational training, including transportation, tuition or maintenance * * * a suitable order may be made for the education of such child * * * and the expenses thereof, when approved by the court and duly audited, shall be a charge upon the county or a proper subdivision thereof wherein the child is domiciled at the time application is made to the court for such order”.
Section 236 contains substantially similar language. Neither statute specifies any required class of petitioner and expressly authorizes the court to make a suitable order for the education of the child. Since James Reed, as director, has full care *541 and control of Cathy as her guardian, the court holds that he is a proper party to petition for an order for her educational needs.
On the issue of timeliness, the decision of the Court of Appeals in Matter of L. v New York State Dept. of Educ. (39 NY2d 434) is dispositive. It held that parents were obligated to seek reimbursement within the school year for which the tuition was paid. The petition for the school year 1975-1976 was filed on June 15, 1976; the petition for the school year 1976-1977 was filed on November 29, 1976. Both are held to be timely.
The final question presented is which of the governmental entities involved should bear the expenses of Cathy’s educational services. In this connection, it is noted that the principal office of the Monroe County Social Services District is located at 111 Westfall Road which is in the City of Rochester and that Cathy physically resides in a foster home in Orleans County where she was placed by her guardian. In addition to the statutory references to the child’s domicile, the court is guided by the pronouncement of the Court of Appeals that "the charge is, in the first instance, for the full cost, upon the county, or the city (not city school district), if the child is domiciled (resides) in a city rather than another part of the county.” (Matter of Lee E. B., 39 NY2d 962, 963.)
Cathy C., an infant, lacks the capacity to establish her own domicile. Her current physical presence in Orleans County is immaterial, since her place of residence can be changed at any time by her guardian. "[U]nder all ordinary circumstances, the domicile of the guardian is the domicile of the infant ward.” (Matter of Kiernan, 38 Misc 394, 396.) "Where a parent surrenders the care and custody of his minor child during his minority to one who agrees to assume such care and custody, and to provide for such child for the whole of the remaining period of his minority, the maintenance, education and care of the infant to the same extent as his parents would have been bound to provide them, if no such agreement had been made, the child acquires the domicile of the person who assumes this responsibility.” (Kennan, Residence and Domicile, p 285; see, also, Matter of First Trust & Deposit Co. v Goodrich, 3 NY2d 410.) Cathy’s domicile is, therefore, that of her guardian.
James Reed is not acting as an individual but rather in his representative capacity as Director of the Monroe County *542 Social Services District. Neither his personal residence nor the fortuitous location of the district’s main office is of any consequence. In determining the appropriate domicile for petitioner, the court has considered the provisions of sections 2 (subd 8), 61, 62, 65 and 116 of the Social Services Law, all of which point to the county as the basis for the function, powers and territorial jurisdiction of a local social services district. Therefore, for the purposes of this proceeding, the domicile of James Reed, Director of the Monroe County Social Services District, is held to be the County of Monroe.
Accordingly, petitioner is entitled to an order for the expenses of the educational needs of Cathy C. against the County of Monroe, subject to the reimbursement provisions of the Education Law. Petitioner’s claims against the City of Rochester and the Rochester City School District are dismissed. If petitioner and the County of Monroe cannot agree on the appropriate cost of educational services for the years in question, either party may request a further hearing.