■ In the Matter of BRIAN B., JR., and Another, Children Alleged to be Neglected. TIMOTHY M. et al., Appellants; ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [649 NYS2d 582] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Erie County Family Court for further proceedings in accordance with the following Memorandum: Respondents, Timothy M. and Debbie M., appeal from an order of Family Court that found that the subject children are neglected and placed them in the care and custody of petitioner, Erie County Department of Social Services, for up to 12 months while requiring respondents to cooperate with a plan for reuniting the family. Respondents contend that the finding that the children were neglected is not supported by the evidence and that the court erred in failing to conduct a dispositional hearing.

The evidence supports the finding that Brian B., Jr., was neglected by respondents. The testimony of the day care workers establishes that the child had been injured prior to his arrival at the day care center. The pediatrician testified that the injury could not have occurred accidentally. Petitioner thus sustained its burden of proving that the child had an injury that ordinarily would not have occurred except by reason of the acts or omissions of the respondents, and that respondents were the caretakers (*see,* Family Ct Act § 1046 [a] [ii]; *Matter of Philip M.,* 82 NY2d 238, 244). Respondents failed to rebut that evidence. The testimony that the child attributed the injury to a fall was contradicted by his repeated statements that "dadda"

or "Timmy" had hit him, and by the pediatrician's testimony that the bruise was the size and shape of a man's hand.

The evidence likewise is sufficient to support a finding that Alecia M. was neglected. Proof of neglect of one child is sufficient, under appropriate circumstances, to establish that another child is neglected (*see,* Family Ct Act § 1046 [a] [i]; *Matter of New York City Dept. of Social Servs. [H. & J. Children] v Carmen J.,* 209 AD2d 525, 527). The evidence establishes that respondents have a distorted notion of how to discipline their young children and that Alecia M. may be exposed to similarly harsh and inappropriate disciplinary methods (*cf., Matter of Christina Maria C.,* 89 AD2d 855).

Nonetheless, the court erred in failing to conduct a dispositional hearing before entering the order placing the children in the care and custody of petitioner. Thus, we modify the order by vacating the disposition, and we remit the matter to Erie County Family Court to hold a dispositional hearing (*see, Matter of Brian W.,* 199 AD2d 1021, 1021-1022, *appeal dismissed* 83 NY2d 952, 85 NY2d 923, *lv denied* 86 NY2d 711; *Matter of Marsha B. F.,* 110 AD2d 549, 550). (Appeal from Order of Erie County Family Court, Mix, J.—Neglect.) Present—Denman, P. J., Fallon, Wesley, Balio and Davis, JJ.