[706 NYS2d 202]

In the Matter of NICOLE JJ. and Another, Children Alleged to
be Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SER-
VICES, Appellant; BARBARA KK. et al., Respondents.

Third Department, April 6, 2000

APPEARANCES OF COUNSEL

*Steven E. Ratner,* Department of Social Services, Coopers-town, for appellant.

*Roland, Fogel, Koblenz & Petroccione, L. L. P.,* Albany (*Keith J. Roland* of counsel), for Darlene T., respondent.

*John A. Lindauer, Law Guardian,* Manlius, for Nicole JJ. and others.

## OPINION OF THE COURT

CARPINELLO, J.

Respondent Darlene T. lives in Kings County and is the maternal aunt of Kristen JJ. and Nicole JJ., currently ages 8 and 10, respectively. As a result of March 1995 neglect petitions filed in Suffolk County against their mother, respondent Barbara KK. (hereinafter respondent), the children were placed in the aunt's custody by interim order dated May 16, 1995. By order dated August 17, 1995, the children were adjudicated neglected and the case was transferred to petitioner because respondent had since moved to Otsego County. The August 1995 order, which expired on August 16, 1996, also directed petitioner "to provide or arrange for appropriate services or assistance to the family pursuant to Family Court Act section 1015-a."

The children have since remained in the custody of the aunt, placement having been extended on numerous occasions. On the January 1998 extension petition, the aunt was granted intervenor status and appeared at the hearing primarily, it appears, to request that petitioner pay for the day care expenses she has incurred and will continue to incur for the children. According to the aunt's testimony, when the children were first placed in her care in 1995 she was assured that foster care funds would be forthcoming and that these funds would cover day care expenses. At that time, the children needed day care on a full-time basis because the aunt was working full time. Although foster care funds never came through, the Suffolk County Department of Social Services paid for the children's

day care expenses from February 1995 until the case was transferred to Otsego County. With the exception of a four-month period in 1996, these expenses have not been paid by any agency since October 1995. While the aunt now receives a public assistance allowance for the children, it does not include expenses for day care which they currently attend on a part-time basis.

In its June 4, 1998 order extending placement, Family Court ordered that petitioner reimburse the aunt for the children's day care expenses and to pay for all future expenses. While no party takes issue with the extension of placement, petitioner appeals from that part of the order directing it to pay for the children's day care expenses on the ground that the court did not have authority to order same. The narrow argument presented by petitioner is that because respondent's children do not reside within Otsego County, it is not obligated to pay for their day care expenses. We are unpersuaded.

The purpose of neglect proceedings is "to establish procedures to help protect children from injury or mistreatment and to help safeguard their physical, mental, and emotional well-being" (Family Ct Act § 1011) while offering rehabilitative services to the family (*see*, Family Ct Act § 1015-a). Moreover, Social Services Law § 410 (1) authorizes petitioner "to provide day care at public expense for children residing in [its] territory who are eligible therefor pursuant to provisions of this title". Here, a suitable relative has agreed to care for respondent's children while petitioner works with this family in an effort to reunite them. The children's placement with their aunt, however, is temporary in that Family Court Act § 1055 limits the initial placement and all subsequent extensions to a one-year period (*see*, Family Ct Act § 1055 [b] [i]; *see also*, *Matter of H./M. Children*, 217 AD2d 164, 169-170). For these reasons, we conclude that the children's temporary removal from respondent's home to a relative outside Otsego County via petitioner's successive extension petitions does not constitute a change of residence for them outside the county for the purposes of Social Services Law § 410 (1) (*see generally*, *Matter of Thorne*, 240 NY 444; *Matter of Billy*, 7 AD2d 614; *Matter of Chrystol B.*, 104 Misc 2d 888, 891-892; *Matter of Cathy C.*, 89 Misc 2d 539, 541; *Matter of Stange*, 38 Misc 2d 170; 49 NY Jur 2d, Domicil and Residence, § 36).

Moreover, by ordering petitioner to cover the day care expenses of the children, which, in turn, permits them to remain in the nurturing environment of a close relative, Family Court

was facilitating the protection of these children as well as the overall rehabilitation of the family consistent with applicable laws, namely, Social Services Law § 410 and Family Court Act § 1015-a (*see generally, Matter of Daniel M.*, 166 Misc 2d 135, *appeal dismissed* 244 AD2d 1011; *Matter of Edward M.*, 76 Misc 2d 781, *affd sub nom. Matter of Morcray* 45 AD2d 906).

We also conclude that the order is compatible with Family Court Act § 255, which endows Family Court with sweeping powers. Pursuant to this statute, Family Court "may order[] any * * * county * * * officer and employee to render such assistance and cooperation as shall be within his [or her] legal authority, as may be required, to further the objects of this act" (Family Ct Act § 255). Notably, this statute "was designed as a specific remedy to enable [Family Court] to cut through the bureaucracy, fragmentation and lack of co-ordination which so inhibits the provision of services for families and children before the court" (*Matter of Edward M., supra*, at 785; *accord, New York City Hous. Auth. v Miller*, 89 Misc 2d 141, 143). The instant scenario—the temporary placement of children with a suitable relative outside the county where the parent resides and the frustration faced by that relative in gaining financial assistance to so care for them—is an appropriate invocation of the statute.

Petitioner's remaining contentions have been reviewed and rejected.

MERCURE, J. P., PETERS, SPAIN and GRAFFEO, JJ., concur.

Ordered that the order is affirmed, with costs to respondent Darlene T.