*357 OPINION OF THE COURT
John M. Hunt, J.
The Law Guardian has moved for orders (1) directing the petitioner, Commissioner of the New York City Administration for Children’s Services, to provide necessary medical treatment for the subject child, Mitch L., including providing him with a glass eye, and (2) compelling the Commissioner to reimburse the foster parents caring for the children for all expenses incurred on Mitch’s behalf since he was placed in their care on December 12, 2000.
The Law Guardian’s motion is decided as follows.
The branch of the motion seeking an order directing that the Commissioner provide the child Mitch L. with necessary medical treatment and care, including the provision of a glass (i.e., prosthetic) eye, is granted. The child is presently placed in foster care with the Commissioner pursuant to Family Court Act § 1027, and the Commissioner has a nondelegable statutory duty to provide all necessary medical care and treatment for children placed in the care of the Department by order of the Family Court (see, Social Services Law § 383 [2] [custody of child remanded by Family Court vested in Commissioner]; § 383-b [Commissioner may give consent to medical treatment for foster child]; § 398 [2] [b]; [6] [c] [Commissioner shall provide necessary medical or surgical care for child and pay for same]; 18 NYCRR 441.22 [a]).[1]
The branch of the motion seeking an order directing the Commissioner to reimburse Mitch’s foster parents for the costs of medical care and services which they have incurred on his behalf is granted (Family Ct Act § 1015-a; Matter of Nicole JJ., 265 AD2d 29, 31-32, lv denied 95 NY2d 257; Matter of Keith M., 181 Misc 2d 1012, 1022). While the Family Court is a court of limited jurisdiction (Kleila v Kleila, 50 NY2d 277, 282; King v State Educ. Dept., 182 F3d 162, 163 [2d Cir 1999]), the Legislature has granted the Family Court jurisdiction “to determine issues pertaining to a child’s welfare consistent with the comprehensive services plan associated with foster care placement” (Matter of Sullivan County Dept. of Social Servs. v *358 Richard C., 260 AD2d 680, 682),[2] and the Court may order a social services official, such as the Commissioner, to provide a child placed in his care with authorized services (Family Ct Act §§ 255, 1015-a).[3] For example, in Matter of Nicole JJ. (supra), the Appellate Division affirmed the Family Court’s order which directed the Commissioner of Social Services to provide funds for the future day care expenses of a child placed in foster care and which directed that the Commissioner reimburse the foster parent for day care expenses they had previously incurred for the foster child (265 AD2d, at 31-32). In the case at bar, the relevant statutes require that the Commissioner provide necessary medical and surgical care for a child placed in foster care and that the Commissioner pay for the same “from public funds, if necessary” (Social Services Law § 398 [6] [c]; [2] [b]; 18 NYCRR 441.22), and the court may compel the Commissioner to provide such medical care both prospectively and retroactively.
Accordingly, it is hereby ordered that the Commissioner is hereby directed forthwith to obtain all necessary medical care and services for the child, Mitch L.; and it is further ordered that the child’s foster parents be reimbursed for all medical care and services previously obtained on his behalf upon the submission of proof or other documentation of those expenses to the Commissioner and subject to the Commissioner’s determination that such care or services were “necessary.” Since no bills or invoices for medical expenses nor a diagnosis or course of treatment by a medical professional have been submitted, this court is unable to determine what amount of reimbursement, if any, is due Mitch’s foster parents.

. The child protective petitions allege, inter alia, that the child Mitch “lit a firecracker (M80) which exploded causing the child to suffer serious injuries about his body [including] (a) burns to his chest and abdomen; (b) injuries to his eyes causing him to lose complete vision in his right eye and impairing his vision in the left eye; and (c) injuries to his hands causing him to lose his left middle finger.”

. “The purpose of the comprehensive assessment and service plan is to bring together information gathered about families in receipt of foster care * * * to form a detailed assessment of the family and to plan for the delivery of services” (18 NYCRR 428.7 [a]). The service plan for a child placed in foster care is subject to judicial review in accordance with statute (Family Ct Act § 1055 [b] [iv] [A]; § 1055-a [6] [a]; Social Services Law § 392 [5-a] [a]; e.g., Matter of Beatrice OO., 202 AD2d 818, 819).

. Family Court Act § 1015-a provides, inter alia, that “[i]n any proceeding under this article, the court may order a social services official to provide or arrange for the provision of services or assistance to the child and his or her family to facilitate the protection of the child, the rehabilitation of the family and, as appropriate, the discharge of the child from foster care.” This section, added to the Family Court Act in 1987 (L 1987, ch 760), “authorizes the court to order social services officials to provide or arrange for needed services” (Besharov, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 1015-a, at 453).