OPINION OF THE COURT
Timothy J. Lawliss, J.
When a child remains placed under article 10 of the Family Court Act, the court must periodically conduct permanency hearings. (Family Ct Act § 1089 [a].) The permanency hearing is meant to provide timely and effective judicial review that promotes permanency, safety and well-being in a child’s life. (Family Ct Act § 1086.) A sworn permanency hearing report must be filed and served by the Department of Social Services prior to each permanency hearing. (Family Ct Act § 1087 [e].)
Family Court Act § 1089 (c) outlines the requirements for the content of the permanency hearing report. Family Court Act § 1089 (c) (2) (iv) requires the permanency hearing report to contain “a description of the visitation plan or plans describing the persons with whom the child visits, including any siblings, and the frequency, duration and quality of the visits.” The Uniform Rules for the New York State Trial Courts provide that the permanency hearing report shall be submitted on the form officially promulgated by the Chief Administrator of the Courts and shall contain all the information required by Family Court Act § 1089. (22 NYCRR 205.17 [d] [1].) There is a specific section in each of the permanency hearing forms, officially promulgated by the Chief Administrator of the Courts, where the Department is to specify the information regarding the visitation plans. (Fam Ct Forms, Form PH-1 [section VI], Form PH-2 [section VI], and Form PH-3 [section V].) In addition, the permanency hearing report must be accompanied by additional reports and documents as directed by the court. (22 NYCRR 205.17 [d] [2].)
Family Court Act § 1089 (d) identifies the findings and provisions that the court is required to include in its order issued as a result of a permanency hearing. When the placement of the child is extended, Family Court Act § 1089 (d) (2) (vii) (A) requires the court to include “a description of the visitation plan or plans” in its order.
*985 This decision is being issued because the Clinton County-Department of Social Services habitually provides minimal information within the visitation section of the permanency hearing report. Indeed, on occasion the section is left entirely blank. Too often, the court is not in a position to make a well-informed decision regarding the child’s visitation plan(s). This is especially true with respect to sibling visitation. Often the court is unable to determine from the Department’s report whether or not siblings even exist. This decision is intended to provide more guidance to the Clinton County Department of Social Services regarding the issue of visitation in the context of a permanency hearing.
In this case, the visitation section of the Department’s permanency hearing report’s only reference to sibling visitation is an assertion that it “will” coincide with Melinda’s mother’s visitation. In other sections of the permanency hearing report the following assertions are made: (1) “[The mother] and her daughter’s (Tiffany and Alisha), receive assistance through”; (2) “Melinda is provided supervised visitation with her mother and sisters”; (3) “[the mother] and her three children who reside with her are provided”; and (4) “[the mother] ensures that Melinda’s sisters participate in supervised visits with Melinda.” Absolutely no other information regarding Melinda’s siblings is provided in the report.
Melinda is 17 years old and contact with her siblings is very important to her. She made several references to them during the court’s consultation with her pursuant to Family Court Act § 1089 (d). The parties must provide the court with more information to permit the court to make an informed decision regarding visitation.
In the future, with respect to each of the child’s parents, all permanency hearing reports shall contain the following information within the visitation section: (1) a brief description of what visitation has occurred between each parent and the child during the proceeding six months; (2) the Department’s proposed visitation schedule for each parent during the next six months; and (3) a brief explanation as to why the proposed visitation serves the best interest of the child. The Department need not repeat information provided in other sections of the report. If the Department believes that other sections of the report contain information relevant to explaining why the proposed visitation is in the best interest of the child, the visitation section may simply refer to the other section. Of course, *986 the visitation section of the report may refer to another section of the report and provide supplemental information.
Next, the visitation section of all permanency hearing reports shall contain a list of all the child’s siblings (full and half). The report must affirmatively state that there are no other known siblings or, in the event that the child has no siblings, the report must expressly state that the child has no known siblings.
For each sibling, the report must contain the following information: (1) the sibling’s full name; (2) the sibling’s date of birth; (3) the sibling’s address; (4) if the sibling is a minor, the names of the sibling’s parents; (5) if the sibling is a minor and if the sibling is a half-sibling, the address of the sibling’s parent who is not the child’s parent; (6) if the sibling is a minor, who has custody of the sibling; (7) a brief description of the child’s past contact with the sibling; (8) the Department’s proposed visitation plan between the child and the sibling; and (9) a brief description as to why that visitation plan serves the child’s best interest.
In the event that the Department believes that providing any of this information in the permanency hearing report creates a danger to either the subject child or any of the. subject child’s siblings, the Department is to make a motion prior to the filing of the report requesting permission to exclude the information that the Department believes creates a danger.
Because the court cannot make an informed decision in this case regarding sibling visitation, the court is scheduling another permanency hearing quickly to permit the Department to supply the missing information.