OPINION OF THE COURT
DANDREA L. RUHLMANN, J.
The Monroe County Department of Human Services (Department) must supply Andrea D. (date of birth: xx/xx/xx), a 17- *504 year-old child in its care and custody, with a certified copy of her birth certificate and shall facilitate and fund a driver’s education class for her.
Facts:
Andrea has been in foster care since on or about February 4, 2000; on or about July 20, 2004 she was freed for adoption. Andrea has lived with not less than 25 foster families and in placement at Hopevale and St. Joseph’s Villa and the court has been periodically reviewing her status through required permanency planning hearings (Family Ct Act § 1089 [a] [1]). Recently the Family Court Act was amended requiring “age-appropriate consultation with the child who is the subject of the permanency hearing” (Family Ct Act § 1089 [d]; see also 22 NYCRR 205.17 [e] [“the Family Court shall consider the child’s position regarding the child’s permanency plan”]; Matter of Rebecca KK., 61 AD3d 1035 [3d Dept 2009] [it was error for Family Court to not consult with 14-year-old child at a permanency hearing]; see Matter of Melinda A., 22 Misc 3d 983 [Fam Cf, Clinton County 2008] [sibling visitation shall be specifically delineated in permanency hearing report as child indicated the importance of such visits]). As part of the Child Welfare Court Improvement Project and in light of a legislative mandate to ensure that children are active participants in their permanency planning (see Matter of Pedro M., 21 Misc 3d 645, 648 n 7 [Fam Ct, Albany County 2008], and material cited therein [evidence that increased participation of children in court proceedings that affect them is now preferred]), this court is conducting a pilot program of enhanced permanency hearings (EPH) consisting of informal meetings with freed adolescents to discuss personal goals prior to the scheduled permanency hearing. The youth is invited to sit together with judge, counsel, caseworker and others whom the youth chooses as vital in permanency planning. The court thereby maintains an ongoing dialogue with freed youth under its continuing jurisdiction (see Family Ct Act § 1088).
Andrea chose to become part of the EPH pilot program on or about September 12, 2008. Her current permanency goal is adoption with concurrent planning for placement in another planned permanent living arrangement (APPLA) that includes a significant connection to an adult who is willing to be a permanency resource for the child (Family Ct Act § 1089 [c] [1] [v]). The recent withdrawal of prospective adoptive parents puts at the forefront the APPLA goal. As part of the continuing *505 dialogue at the EPH and by formal application Andrea requests that the Department provide her with her birth certificate, in part so that she can apply for her New York State driver’s license.
Legal Analysis:
In any child protective proceeding the court may order a social services official to provide or arrange for the provision of services or assistance to the child and/or her family (both biological and foster) in order to facilitate the protection of the child and to further the permanency goal of the child (Family Ct Act §§ 255, 1015-a).* The ordered services or assistance must be “authorized or required to be made available pursuant to the comprehensive annual services program plan then in effect” (Family Ct Act § 1015-a; Matter of Charles M., 278 AD2d 877 [4th Dept 2000]) and must be within the legal authority of the court and agency (Matter of Lorie C., 49 NY2d 161 [1980]; Matter of Brian L. v Administration for Children’s Servs., 51 AD3d 488 [1st Dept 2008], lv denied 11 NY3d 703 [2008]; Matter of Ronald W., 25 AD3d 4 [1st Dept 2005]; Matter of Nicole JJ., 265 AD2d 29 [3d Dept 2000], lv denied 95 NY2d 757 [2000]; Matter of Enrique R., 126 AD2d 169 [1st Dept 1987]; see Matter of Anne P.C. v Steven P., 17 Misc 3d 1107[A], 2007 NY Slip Op 51858[U] [Fam Ct, Monroe County 2007]).
Department regulations mandate youth structured programs of vocational training and independent living skills (18 NYCRR 430.12 [f] [2]). Historically the Judiciary required the State of New York to promulgate regulations defining its duty to supervise discharged foster children prior to their reaching age
*506 21 and enjoined the State and City of New York from discharging specific youth from foster care until discharge plans were adopted and the youth were given reasonable preparation for the discharge including career counseling, training in a marketable skill or trade and skills for independent living (Palmer v Cuomo, 121 AD2d 194 [1st Dept 1986]). In the permanency planning hearing (PPH) report dated August 25, 2008, the Department indicated that during the next six months Andrea would receive help in obtaining her permit and driver’s license as part of her independent living skills. Yet in the most recent PPH report dated March 19, 2009, the Department indicated only that Andrea has been and will continue receiving independent living services “from [the former adoptive resource] and/or the group home.” Any reference to Andrea receiving help to obtain her permit, driver’s license or photo identification was deleted with no explanation.
The Department has a parens patriae burden of caring for Andrea and is ultimately responsible for her safety (Palmer v Cuomo, 121 AD2d at 195; see Matter of Brian L. v Administration for Children’s Servs., 51 AD3d 488 [2008] [an agency acting in parens patriae cannot be compelled to pay for the sex reassignment surgery of a child in its care]; see also Matter of Lorie C., 49 NY2d 161 [1980] [Family Court does not have the authority to order a plan making the Probation Department responsible for planning, placement and supervision of all children since the Legislature specifically provided that the social services agency should be responsible for the placement of children]; Matter of Ronald W., 25 AD3d 4 [2005] [Family Court does not have the authority to order New York State Office of Mental Retardation and Developmental Disabilities, which has statutory responsibility for providing services for the mentally retarded and developmentally disabled, to reevaluate person for eligibility for services provided by the Office]; Matter of Enrique R., 126 AD2d 169 [1987] [Family Court cannot direct Commissioner of Social Services to commence special proceeding against New York City Housing Authority on behalf of foster child and his grandmother]; Matter of Anne P.C. v Steven P., 17 Misc 3d 1107[A], 2007 NY Slip Op 51858[U] [2007] [Family Court does not have the authority to order Department of Human Services to file an article 10 petition but only may order an investigation]). Mindful that with a driver’s license comes a potential safety issue, the court limits its determination to mandate that the Department provide Andrea with a copy of her birth certificate and aid *507 her in both locating and funding an appropriate driver’s education class. Significantly, once Andrea successfully completes driver’s education, the Department’s consent to Andrea obtaining her learner’s permit is unnecessary. Further, once Andrea turns 18 in November 2009 she does not even need the Department’s permission to apply for either a permit or license regardless of whether she completes a driver’s education course (see New York State Department of Motor Vehicles, What You Need to Know to Apply for a Learner Permit, available at http:// www.nydmv.state.ny.us/license.htm).
Indeed it is safer for Andrea to take an approved driver’s education class now rather than have her apply for a permit on her own at age 18 without ever having taken a lesson. Knowing how to drive will prove an invaluable tool to independence.
In Matter of Nicole JJ. (265 AD2d 29, 32 [3d Dept 2000], lv denied 95 NY2d 757 [2000]), the Court upheld Family Court’s order compelling the Department to pay for child care services for children residing out of county as Family Court Act § 255 “was designed as a specific remedy to enable [Family Court] to cut through the bureaucracy, fragmentation and lack of coordination which so inhibits the provision of services for families and children before the court” (quoting Matter of Edward M., 76 Misc 2d 781, 785 [Fam Ct, St. Lawrence County 1974], affd 45 AD2d 906 [1974]; see also Matter of Damien A., 195 Misc 2d 661 [Fam Ct, Suffolk County 2003] [Family Court has the authority to order that a child and his mother — both under the care and custody of the Department — be placed together in the same foster home rather than placing mother in group home to foster independent living skills]; Matter of Arlene L., 187 Misc 2d 356 [Fam Ct, NY County 2001] [ordering Department to provide necessary medical treatment and reimburse foster family for medical care and services they had incurred for foster child who sustained injuries while playing with a firecracker]; Matter of Daniel M., 166 Misc 2d 135 [Fam Ct, NY County 1995] [Family Court could order Department to pay for four hours of skilled nursing care per day so that foster family would accept child]). Similarly, here the court finds that Andrea — in petitioner’s care and custody since she was eight years old — is entitled to benefit from driver’s education. The Department should not condition permission to pursue a license on the basis of Andrea’s current relationships with resources.
The Department has the authority and ability to aid Andrea in the pursuit of a driver’s license (18 NYCRR 427.3 [a] [Depart *508 ment regulations detail allowable expenditures for children in foster care including, inter alia, dues, licenses, permits, children’s activities, tuition and related school expenses]; contra Matter of Brian L. v Administration for Children’s Servs., 51 AD3d 488 [2008]). Indeed while the Department’s comprehensive annual services program plan (entitled “The Child and Family Services Plan” in Monroe County) does not specifically require driver’s education for youth, it emphasizes self-sufficiency as one of four major goals (see Matter of Charles M., 278 AD2d 877 [4th Dept 2000] [law guardian must show that specific requested placement is provided for in the comprehensive annual services program plan and, if so, whether the services or assistance presently being provided to the child are inadequate to meet his reasonable needs]). Andrea articulates that driver’s education — as the first step to a driver’s license — is a key component of self-sufficiency.
Now, therefore, it is hereby ordered that the Department provide Andrea D. with a certified copy of her birth certificate; and it is further ordered that the Department aid Andrea D. in registering for a driver’s education class and pay for such class.

 Family Court Act § 1015-a states that
“[i]n any proceeding under . . . article [10 of the Family Court Act], the court may order a social services official to provide or arrange for the provision of services or assistance to the child and his or her family to facilitate the protection of the child, the rehabilitation of the family and, as appropriate, the discharge of the child from foster care. Such order shall not include the provision of any service or assistance to the child and his or her family which is not authorized or required to be made available pursuant to the comprehensive annual services program plan then in effect.”
Family Court Act § 255 states, in pertinent part, that
“[i]t is hereby made the duty of and the family court or judge thereof may order, any agency or other institution to render such information, assistance and cooperation as shall be within its legal authority concerning a child who is or shall be under its care, treatment, supervision or custody as may be required to further the objects of this act.”