■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY COLE, Appellant. — Judgment unanimously affirmed. Memorandum: Although the comments of the District Attorney were unprofessional and improper, because of the overwhelming proof against the defendant, the isolated nature of the remarks, and the fact that the trial court immediately instructed the jury to disregard them, we do not believe they were so prejudicial as to deprive defendant of a fair trial (see *People v Galloway,* 54 NY2d 396; *People v Crimmins,* 36 NY2d 230; *People v Patterson,* 88 AD2d 694; cf. *People v Mott,* 94 AD2d 415). (Appeal from judgment of Supreme Court, Erie County, Marshall, J. — burglary, third degree, and another charge.) Present — Hancock, Jr., J. P., Doerr, Denman, Green and Moule, JJ.

■ In the Matter of JAMES B., Appellant. (Appeal No. 1.) — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: This is an appeal from two orders by Family Court (May 7, 1982) granting petitions by the Erie County Department of Social Services (department) for transfer of the care and custody of two siblings to the department for 18 months, approving the voluntary transfer instruments signed on February 5, 1982 by the children's grandmother, who had had custody of them prior to placement (see Social Services Law, §§ 358-a, 384-a), and ordering in each case "that the child is to remain in the same foster home" as his or her sibling. At the time the orders were entered, the children had already been in foster care for three months, each in a different home, and were reportedly doing well. The Law Guardian does not contest the grant of the petitions and approval of the transfer instruments and we find nothing in the record to suggest that those portions of the orders are not proper. The Law Guardian does, however, attack on the merits so much of the orders as directs that the children be placed together. We agree that those directions must be stricken — not, however, on the merits (although the record is notably lacking in information concerning the individual circumstances and needs of the children) but on the ground that Family Court lacked statutory authority to make such a direction. Subdivision (3) of section 358-a of the Social Services Law provides that where, as here, a Judge finds: that the parent or guardian, because of inability to provide for the child, executed the instrument knowingly and voluntarily; that the requirements of section 384-a were satisfied; and that the best interests of the child would be promoted by removal from the home, the Judge "shall thereupon grant the petition and approve such instrument and the transfer of the * * * care and custody of such child to such social services official". Having made the requisite findings and granted the petitions and approved the instruments, the court here reached the boundary of its limited jurisdiction (see *Matter of D. Children,* 90 AD2d 348; *Matter of Anderson,* 89 AD2d 51; *Matter of John M.,* 71 AD2d 144, 148, revd on dissenting opn, Herlihy, J., 51 NY2d 999; see, generally, *Matter of Lorie C.,* 49 NY2d 161; *Matter of Redinger,* 107 Misc 2d 368, 371-373, and cases cited therein). By imposing a further restriction the court interfered with the discretion vested in the department as an authorized agency (see *Matter of Lorie C., supra,* p 171; *Matter of William LL.,* 84 AD2d 877; see, generally, Social Services Law, § 383, subd 2; § 385, subd 2, par [b]; § 398, subds 6, 8; § 400, subd 1). We note that pursuant to section 392 of the Social Services Law, the children's foster care status must again be brought before the court by petition by the department in August, 1983, 18 months after the grandmother placed the children in foster care. These matters demand prompt and thorough review at that time. (Appeal from order of Erie County Family Court, Notaro, J. — temporary transfer of custody.) Present — Hancock, Jr., J. P., Doerr, Denman, Green and Moule, JJ.