■ In the Matter of HASANI B. and Another, Infants. CAROL S., Respondent; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant. [600 NYS2d 694] —Order of the Family Court, New York County (Sheldon Rand, J.), entered March 13, 1991, which, *inter alia,* directed respondent Commissioner of Social Services of the City of New York to accept the voluntary placement of the minors Hasani and Kwesi B. at the option of their guardian, petitioner Carol S., for the purpose of securing foster care placement without removing the children from petitioner's care except in emergency situations and only with a court order, and to assist petitioner in securing the adoption of the children with appropriate adoption subsidies and to assist petitioner in securing foster care certification and funds for the children pending adoption, is reversed, on the law and facts, to the extent appealed from, without costs or disbursements.

Petitioner, Carol S., who is not related to the minors herein, began caring for them in 1982 when Hasani was 19 months old and Kwesi only one week old, at the behest of their mother who was a drug abuser. Neglect petitions against Ms. B. were dismissed without prejudice based on a court approved stipulation between the respondent agency and Ms. B. provid-

ing that Ms. B. would agree to an 18 month placement of the children with the respondent. When Ms. B. died without signing this agreement, the children continued to reside with petitioner for the eight year period prior to the commencement of this proceeding.

In October of 1990, petitioner began the proceeding seeking to be appointed as the children's guardian. After an investigation and a hearing, the Family Court concluded that the petition should be granted. However, in order to obtain the greater funds that would be available to a foster parent, the court, besides appointing Ms. S. as the guardian of the children, ordered that, in the event the guardian voluntarily placed the children with the Commissioner of Social Services "for the purpose of securing foster care placement of the children with an eye towards their adoption by the petitioner", that the Commissioner should not remove the children from the custody of petitioner without the prior approval of the court and only in emergency situations. Further, the Family Court ordered the Commissioner to assist the petitioner in securing the adoption of the children with appropriate subsidy, and pending such adoption, directed the Commissioner to assist the petitioner in securing foster care certification and funds for the children.

These directives of the court exceeded its authority under Family Court Act § 255, which provides, inter alia, "It is hereby made the duty of, and the family court or a judge thereof may order, any state, county, municipal and school district officer and employee to render such assistance and cooperation as shall be within his legal authority, as may be required, to further the objects of this act * * *. It is hereby made the duty of and the family court or judge thereof may order, any agency or other institution to render such information, assistance and cooperation as shall be within its legal authority concerning a child who is or shall be under its care, treatment, supervision or custody as may be required to further the objects of this act."

This section has been interpreted by the Court of Appeals as requiring that any order made be one which is within the legal authority of the person or institution to which it is addressed and one which is required to further the objects of the Family Court Act (Matter of Lorie C., 49 NY2d 161, 168).

However, the Family Court's order herein exceeded its authority under section 255. It is beyond the legal authority of the respondent Commissioner of Social Services to accept a voluntary placement of the children and deem petitioner a

foster parent while the petitioner is simultaneously designated the legal guardian of the children by the court. A legal guardian has exclusive control, custody and care of the children *(see, Matter of Lee,* 220 NY 532, 539), as opposed to the status of a foster parent where the agency in foster care placement continues to exercise care, custody or guardianship of the children *(see,* Social Services Law § 371 [19]). Moreover, while we have previously held that the respondent has the authority to certify a relative who has been entrusted with a child by its parents as a foster parent *(Matter of Gravina,* 89 AD2d 534), respondent must first determine, pursuant to its rules and regulations, if placement in foster care is "necessary" (18 NYCRR 430.10 [a] [1]). To make this finding, various factors, including the health and safety of the child, parental refusal or surrender, parental unavailability and parent and child needs, must be considered (18 NYCRR 430.10 [b], [c]). Financial need is a factor *not* enumerated as a consideration in the regulations. By basing its order on such need, the Family Court usurped the respondent's function in determining the necessity of foster care based on its own judgment and discretion. *Matter of Gravina (supra)* is not to the contrary. There, we held that where a child had been living with a relative because of the death or disappearance of the parent or at the parent's request, the relative can seek to voluntarily place the child with the Commissioner and the Commissioner can, if she deems it in the best interest of the child, certify the relative as a foster parent. In that case however, we formalized what, in fact, were de facto foster care relationships already consented to by the Commissioner, and none of the relatives were the children's legal guardian, as is the case here.

Petitioner claims that the Commissioner has had the "legal responsibility" for the children since 1982 and the order of the Family Court, therefore, simply directs the Commissioner to do what she would otherwise be legally obligated to do. This interpretation, which has been raised for the first time on appeal, does not obviate the statutory obstacle to petitioner being both a legal guardian and foster parent. In any event, there was no showing of abandonment by the mother Ms. B., since she evidenced an intent to visit the children while they lived with petitioner. Ms. B's death is also not included in the definition of what constitutes an abandonment *(see,* Social Services Law § 384-b [5] [a]), and, therefore, respondent's duties with respect to abandoned children were not implicated by that death. Likewise, while the Commissioner *can* seek

custody and guardianship in the case of parental death, that decision is one for the Commissioner's discretion (see, Social Services Law § 384-b [3] [b]), and is properly declined, where, as here, there is a relative or other caretaker for the child. Moreover, the children have not been in the respondent's custody since the neglect proceeding. The court-ordered remands of the children in that proceeding were temporary and once the proceeding was dismissed, the Commissioner no longer had legal custody of the children.

The Family Court further exceeded its authority when it directed respondent to assist petitioner in securing foster care certification and funds for the children, adoption and adoption subsidies. While the order is phrased as directing respondent to "assist" petitioner, it leaves no room for the Commissioner's discretion in determining, in the first instance, whether petitioner qualifies for foster care certification. Therefore, it is a veiled mandate for the Commissioner to grant such certification and effectively nullifies her responsibility to ensure compliance with part 444 of the Department's regulations (18 NYCRR), which sets forth detailed requirements for the certification of foster homes. In addition, inasmuch as the order prevents the removal of the children except in emergency situations, the Family Court eliminated respondent's statutory right to remove a child from a foster home (subject to certain procedural requirements) without prior court authorization (see, Social Services Law § 400; 18 NYCRR 443.5). Further, by allowing petitioner to attain dual status as foster parent and legal guardian, the order raises the possibility of a clash between the authority of petitioner as legal guardian and the statutory responsibility of the respondent.

In like manner, since the order, in effect, required the respondent to permit petitioner to adopt the children after it certified her as a foster parent, it exceeded the jurisdiction of the Family Court pursuant to section 255. The respondent must follow the standards of practice for adoption services pursuant to 18 NYCRR part 421. Also, by requiring respondent to grant petitioner an adoption subsidy, it violated respondent's obligation to determine if the children are statutorily qualified for such a subsidy (see, Social Services Law § 450 et seq.; 18 NYCRR 421.24).

Accordingly, while the Family Court commendably attempted to provide petitioner with additional funds for the children besides the public assistance, food stamps and Medicaid she presently receives, it exceeded its powers under Family Court Act § 255 (see, Matter of D. Children, 90 AD2d

348, *aff'd for reasons stated by Boomer, J.,* 60 NY2d 838; *Matter of Enrique R.,* 126 AD2d 169; *Matter of James B.,* 96 AD2d 730), and we, therefore, reverse its order, except to the extent that it awarded petitioner guardianship of the children. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Asch, JJ.