■ In the Matter of BONNIE MANCHESTER, Appellant, v ELLSWORTH WHITBECK, Respondent. [632 NYS2d 313] —Casey, J. Appeal from an order of the Family Court of Fulton County (Jung, J.), entered December 15, 1993, which granted respondent's application, in a proceeding pursuant to Family Court Act article 6, for a modification of a prior custody and visitation order.

After a hearing on respondent's application for sole custody of the parties' only child, Family Court found that petitioner had failed to provide for the minimal needs of the child and that she demonstrated little understanding of the parenting role. Based upon its findings, Family Court awarded sole custody of the child to respondent, with liberal visitation to petitioner. We conclude that a change in custody is not warranted.

Prior to the hearing, the parties had abided by a joint custody arrangement whereby petitioner had physical custody of the child and respondent had liberal visitation. Inasmuch as stability is an important consideration in determining the best interest of the child (*see, Friederwitzer v Friederwitzer*, 55 NY2d 89, 94), this Court has concluded that the custody arrangement in place should not be disturbed when there is no indication that a change in custody will substantially enhance the child's welfare and the custodial parent is not shown to be unfit or less fit to continue as the proper custodian (*see, Matter of Muzzi v Muzzi*, 189 AD2d 1022, 1023). Primary among the circum-

stances to be considered are the ability to provide for the child's emotional and intellectual development, the quality of the home environment and the parental guidance provided (*see, Eschbach v Eschbach,* 56 NY2d 167, 172).

We find no support in the record for Family Court's finding that petitioner failed to provide for the minimal needs of the child. On two occasions, petitioner used poor judgment in leaving her seven-year-old child unsupervised for a short period of time, but a social worker testified that the child was able to cope with the situation and was never in any danger. Family Court concluded that petitioner's lack of involvement in the child's medical and dental care was the result of her indifference. The evidence in the record, however, reveals that her lack of involvement was the result of a mediated agreement whereby respondent, whose employer provided the medical insurance coverage, made necessary medical and dental appointments and provided the necessary transportation. Family Court also faulted petitioner for her lack of interest in a soccer program in which the child was enrolled, but the evidence shows that respondent enrolled the child during the child's five-week summer visitation period with respondent, and petitioner did not learn of her son's participation until the program was over. Although Family Court discussed the evidence of flaws in petitioner's parenting skills, there is no mention of the evidence of the inappropriate conduct engaged in by respondent. It is also noteworthy that Family Court conducted an extensive inquiry of petitioner regarding a number of personal matters, including her lifestyle and her goals for herself and her son. Respondent, however, was not subjected to a similar inquiry.

Noticeably absent from the record is any evidence that the child's emotional and intellectual development has been adversely affected by petitioner's physical custody of the child. Nor is there any evidence that the child's emotional and intellectual development would be enhanced by a change in custody. There is evidence of the child's behavioral problems in school, but the problems were attributed by experts to the stress created by the hostility between the parties and their inability to stop finding fault with each other in the child's presence. Based upon his interviews with the parties and the child, one expert concluded that most of the abusive behavior was engaged in by respondent, but Family Court found that the harassment was at least mutual. There is, however, no evidence that a change in custody will reduce the hostility between the parties or lead them to refrain from finding fault with each other in the child's

presence. They have ignored warnings about the impact of their conduct on their child, and it is likely that they will continue to do so regardless of who has custody.

The Law Guardian recommended a change in custody, but it appears that his recommendation is based upon the notion that although neither party is a model parent, respondent ought to be given the opportunity to demonstrate that he can do a better job than petitioner has been doing as the custodial parent. The hope that the noncustodial parent might do a better job of parenting is patently insufficient to outweigh the benefit of stability in the child's life in the absence of evidence that the custodial parent is unfit or less fit then the noncustodial parent.

In conclusion, our decision should not be read as a criticism of Family Court's effort to resolve what is clearly a difficult case. Rather, in exercising our factual review power, we have concluded that the record as a whole does not establish that a change in physical custody is in the child's best interest, and we have articulated the reasons for our disagreement with Family Court to comply with the Court of Appeals' admonition in *Eschbach v Eschbach* (56 NY2d 167, 173-174, *supra*). The record does, however, support the conclusion that joint custody is inappropriate (*see, Bliss v Ach*, 56 NY2d 995, 998).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as awarded sole custody of the parties' child to respondent; sole custody of the parties' child is awarded to petitioner with liberal visitation to respondent, and matter remitted to the Family Court of Fulton County to set an appropriate visitation schedule; and, as so modified, affirmed.