■ In the Matter of STEVEN E. BUHRMEISTER, Appellant, v PEGGY L. McFARLAND, Respondent. [652 NYS2d 661] —White, J. Appeal from an order of the Family Court of Warren County (Austin, J.), entered January 10, 1995, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for sole custody of the parties' children.

The parties entered into an open-court stipulation that was subsequently incorporated, but not merged, into the final judgment of divorce, which provided, *inter alia*, that they would have joint custody of their two young children with respondent having physical custody and petitioner having certain visitation rights. Because the parties contemplated that respondent would move to Ohio, they also established a visitation schedule for that eventuality. Thereafter, petitioner unsuccessfully moved for an order restraining respondent from relocating to Ohio but, in recognition of petitioner's interest, Family Court granted him 12 weeks of custodial visitation per year with liberal telephone access with the children and directed the parties to keep each other informed of the children's whereabouts.

For the purposes of this appeal, it is sufficient to note that after respondent moved to Ohio in December 1991, the parties were in continuous conflict which prompted petitioner to file a violation petition that culminated in a finding that respondent had wilfully violated its order by failing to notify petitioner of the children's whereabouts on two occasions and by not facilitating telephone contact with petitioner and the children. Despite Family Court's orders designed to ameliorate the situation, the acrimony continued, causing petitioner to file five violation petitions and, eventually, on May 19, 1994, a petition seeking sole custody. Family Court consolidated the petitions and, at the conclusion of an evidentiary hearing, denied petitioner's petition for custody but found that respondent had wilfully violated several of its orders. At this point, Family Court relinquished jurisdiction to Ohio, the children's home State, thereby leaving its orders unenforced. Petitioner appeals.

As in any appeal involving a custody dispute, our sole inquiry is whether Family Court's determination is in the child's best interests (*see, Friederwitzer v Friederwitzer*, 55 NY2d 89, 95). Where, as here, there is an established custody arrangement, a change should be allowed only where it is established that it will substantially enhance the child's welfare and the custodial parent is shown to be unfit or less fit to continue as the proper custodian (*see, Matter of Manchester v Whitbeck*, 220 AD2d 837; *Matter of Muzzi v Muzzi*, 189 AD2d 1022, 1023). In this instance, no issue was raised regarding respondent's fitness. Further, there was no showing that the children's welfare would be substantially enhanced by a change of custody. In fact, the record demonstrates just the opposite as both children repeatedly expressed their preference to remain with respondent, and the court-appointed psychologist opined that "there would not appear to be any significant benefit that would de-

rive in a change in primary custody. Rather, given the strength of the children's feelings, it is likely to provoke a highly negative reaction and possibly cause some trauma to them."

Petitioner nevertheless argues that he should be the custodial parent in light of respondent's obstructive behavior. While we strongly disapprove of respondent's actions, they are not so egregious as to warrant changing custody since, even though it has been needlessly difficult, petitioner has been able to maintain telephone contact with the children and has always been able to exercise his 12 weeks of custodial visitation (*see, Matter of Irwin v Neyland*, 213 AD2d 773, 774; *Matter of Muzzi v Muzzi, supra*, at 1024-1025). Accordingly, since Family Court's determination has a sound and substantial basis in the record, we shall not disturb it (*see, Matter of Betancourt v Boughton*, 204 AD2d 804, 806).

The record supports Family Court's decision to relinquish jurisdiction to Ohio as that State has a closer connection with the children since they have lived there for five years and are attending Ohio schools (*see, Hellinger v Hellinger*, 217 AD2d 490, 492; *Matter of Swain v Vogt*, 206 AD2d 703, 704-705). However, because there is no indication that Family Court communicated with the Ohio courts to assure that jurisdiction will be exercised there, we shall remit this matter for that purpose (*see, Matter of Bryan v Singer*, 234 AD2d 631).

Lastly, we again note our displeasure that the confidentiality of the in camera *Lincoln* hearing was breached in this case by the inclusion of the transcript of the hearing in the record on appeal (*see, Matter of Kathleen OO.*, 232 AD2d 784; *Matter of Sellen v Wright*, 229 AD2d 680, 681, n 2). Had petitioner not been proceeding *pro se*, we would have imposed sanctions upon him for this transgression.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by remitting the matter to the Family Court of Warren County for further proceedings pursuant to Domestic Relations Law § 75-h (4), and, as so modified, affirmed.