■ In the Matter of WILLIAM C. HRYNKO, JR., Appellant-Respondent, v BRENDA BLAHA, Respondent-Appellant. [705 NYS2d 718] —Peters, J. Cross appeals from an order of the Family Court of Schuyler County (Argetsinger, J.), entered October 1, 1998, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for sole physical and legal custody of the parties' child.

Petitioner and respondent married in 1985 and had a son in 1986. Approximately two years later, they entered into a separation agreement which provided, inter alia, for joint custody of the child, with physical custody to respondent Monday through Friday and to petitioner Friday through Sunday. Upon their divorce in 1989 which incorporated, but did not merge, the separation agreement, the schedule remained in place until they informally agreed that the child should live with respondent during the week and spend every other Sunday and alternate Saturday to Sunday overnights with petitioner. The parties live within 10 miles of each other and have a close and loving relationship with this child.

In April 1998, petitioner commenced this modification proceeding seeking sole physical and legal custody upon a

---

change in circumstances, alleging that the maternal grandmother and not respondent was raising the child. Petitioner further asserted that his son spent too much time alone and unsupervised and that respondent remains uninvolved with his education, choosing instead to excessively use drugs and alcohol. Respondent interposed a counterclaim for sole custody, seeking to limit the child's visits to every other weekend with liberal weekday visitation.

At the fact-finding hearing, record evidence established that although the child maintains a bedroom at respondent's home, he sleeps next door at his grandparents' house under the guise of accommodating respondent's early work schedule on her father's dairy farm. Testimony further revealed that the child maintains substantially all of his toys and clothes there and that respondent was observed to be drunk in the presence of the child on at least four occasions, with her marihuana use frequent. Respondent, her brother and her mother vehemently denied these allegations concerning alcohol or drug use, yet admitted to the child's sleeping arrangements. The predominant issue, instead, centered on the child's educational upbringing.

Testimony received from the child's third grade teacher, hired by petitioner as his fourth grade tutor, revealed his consistent difficulty with school and ultimate repetition of fifth grade. Of the parents, only petitioner was attentive to the child's educational needs, cooperating closely with both the tutor and his teachers, seeking educational materials to use with him on his weekends. This involvement was echoed in the testimony of the child's fifth grade teacher that he had for two consecutive years. Testimony by petitioner indicated his serious commitment to his son's educational well-being. With respect to other aspects of the child's care, it was evident that there existed little or no structure while residing with respondent and/or the maternal grandparents whereas routines and family schedules were set when he resided with petitioner and his wife.

Upon the culmination of this testimony, Family Court modified the custodial arrangement by ordering the child to reside with petitioner from Sunday afternoon through Thursday morning and with respondent for the rest of the week while school was in session. It further ordered that the child's residence be divided equally during school vacation periods and that the joint legal custody provision of the prior order remain intact. Both parties cross-appeal.

It is well settled that when adjudicating a custodial issue,

the paramount concern must be the best interest of the child (*see, Friederwitzer v Friederwitzer*, 55 NY2d 89, 94-95). Modification of the custody provisions of a separation agreement which survived the judgment of divorce will only be warranted "upon a showing of a change in circumstances which reflects a definite need for modification to ensure the best interest[ ] of the child[ ]" (*Matter of Thompson v Thompson*, 267 AD2d 516, 517). Relevant considerations must include a review of " 'the quality and stability of the respective home environments and each parent's past performance, relative fitness and ability to provide for and guide the child's intellectual and emotional development' " (*id.*, at 518, quoting *Matter of Perry v Perry*, 194 AD2d 837). Such a change has been found where a parent "has demonstrated an inability to recognize and deal with diagnosed speech and developmental delays" (*Matter of Brewer v Whitney*, 245 AD2d 842, 843) or provide sufficient parental guidance where the other parent takes affirmative steps to address needed educational concerns (*see, id.*). Since Family Court's findings are accorded great deference due to its unique opportunity to assess the credibility of the witnesses by the testimony presented, they will not be set aside if they have a sound and substantial basis in the record and serve to promote the child's best interest (*see, Matter of Oldfield v Robinson*, 267 AD2d 530; *Matter of Thompson v Thompson, supra*; *Matter of Rose v Mauro*, 258 AD2d 790; *Matter of Perry v Perry, supra*).

We find the modification of the custodial arrangement wholly supported. In so finding, we reject any contention that Family Court solely considered the educational guidance provided by these parties as opposed to the totality of all relevant circumstances, including the stable, limit-setting environment practiced while residing in petitioner's home. Notwithstanding their differing parenting styles, we find it clear that they are able to communicate with one another concerning the child. Hence, contrary to petitioner's contentions, we do not find sufficient evidence which would have warranted the severance of the joint legal custody arrangement (*see, Matter of Thompson v Thompson, supra*). We do, however, agree with petitioner that upon this modified custodial arrangement, he fails to be provided with sufficient time to engage in the types of recreational activities that they had previously enjoyed. Noting that the child goes directly to respondent's home after school, thereby providing the grandparents, respondent and other extended family members an opportunity to continue their interaction on a daily basis, the order should be modified to allow petitioner access with the child commencing Sunday morn-

ing. By this minor change, petitioner will be provided with the opportunity to have one day over the weekend, each and every weekend, to spend time with the child in matters outside of school requirements.

Finally, we express our concern regarding counsel's breach of the child's right to confidentiality by including the transcript of the *Lincoln* hearing in the record (*Matter of Lincoln v Lincoln*, 24 NY2d 270; *see*, Family Ct Act § 664 [b]). Counsel's failure to ensure that the child's disclosures not be made available to his parents cannot be countenanced (*see*, *Matter of Buhrmeister v McFarland*, 235 AD2d 846; *Matter of Kathleen OO.*, 232 AD2d 784; *Matter of Sellen v Wright*, 229 AD2d 680).

For the foregoing reasons, we hereby modify Family Court's order below by directing the child to reside with petitioner from Sunday morning through Thursday morning.

Cardona, P. J., Mercure, Crew III and Mugglin, JJ., concur. Ordered that the order is modified, on the facts, without costs, by directing that the child reside with petitioner from Sunday morning through Thursday morning while school is in session, and, as so modified, affirmed.