■ In the Matter of JOANNE JOHNSON, Appellant, v ROBERT C. JOHNSON, JR., Respondent. [718 NYS2d 741] —Spain, J. Appeal

from an order of the Family Court of St. Lawrence County (Nelson, J.), entered September 22, 1998, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' children.*

The parties, married in 1991, are the parents of three boys born in 1985, 1989 and 1992. After the parties separated, the children remained with petitioner for approximately 1½ years. In September 1996, the parties entered into a joint stipulation—later confirmed by a Family Court order—which awarded joint custody of the children to both parents with physical custody assigned to respondent. In September 1997, petitioner—seeking physical custody—filed a modification petition. After an evidentiary hearing, Family Court determined that while the children were not flourishing in respondent's custody, a change in custody to petitioner was not warranted due to certain deficiencies in petitioner's parenting abilities. The court awarded full custody to respondent, dismissed petitioner's application and issued an order of protection directing respondent not to consume any alcohol or illegal drugs in the presence of the children. Additionally, at the request of the Law Guardian and by separate order, Family Court ordered the St. Lawrence County Department of Social Services (hereinafter DSS) to pursue a neglect petition against both parties. Petitioner now appeals.

Modification of an existing custody arrangement is appropriate only where it is established that there has been a change in circumstances such that the change "will substantially enhance the child's welfare and the custodial parent is shown to be unfit or less fit to continue as the proper custodian" (*Matter of Buhrmeister v McFarland*, 235 AD2d 846, 847). Significantly, "Family Court's findings are accorded great deference due to its unique opportunity to assess the credibility of the witnesses" (*Matter of Hrynko v Blaha*, 271 AD2d 714, 716), and its findings will not be set aside where they have a sound

---

* The notice of appeal filed on behalf of petitioner merely appeals the September 22, 1998 order of Family Court which directs the St. Lawrence County Department of Social Services to file a neglect petition against both parties. That order was entered September 22, 1998.

The record contains no notice of appeal with respect to the order (entered October 1, 1998) dismissing petitioner's modification petition which order also awards custody to respondent. Inasmuch as the notice of appeal contains an inaccurate description of the actual order or orders appealed from we will, in our discretion, address the issues raised by petitioner in her brief which relate to both orders (*see*, CPLR 5520 [c]).

and substantial basis in the record and promote the children's best interests (*see, id.*, at 716; *Matter of Oldfield v Robinson*, 267 AD2d 530).

Here, although Family Court found that neither party was particularly credible and that each exhibited poor parenting skills, the determination dismissing petitioner's modification petition has a sound and substantial basis in the record and should not be disturbed. Both parents have been the subjects of indicated reports of child neglect regarding the children (*see,* Family Ct Act § 651-a; Social Services Law art 6). With respect to respondent, he left the children unattended at home in September 1997 and one of them accidentally started a fire. In early 1998, respondent was convicted of endangering the welfare of a child arising out of an incident in which he was arrested for drinking and driving with the children in the car, which also led to a conviction for driving while ability impaired. He was subsequently arrested again for driving while intoxicated suggesting some degree of alcohol addiction. With respect to petitioner, however, she has also been convicted of driving while impaired, served time in jail in May 1998 on a bad check charge, allowed the children to enter her burned-out residence after being told the area was unsafe, subjected the children to physical injury and has also left them unattended. Additionally, petitioner has had numerous residences since Family Court's previous custody order and blatantly refused to cooperate with the probation investigation ordered by Family Court by refusing to disclose any information concerning her boyfriend. Conversely, respondent appears to have maintained a relatively stable home for the children, they have progressed in school and he has been cooperative with the services and programs offered to him and the children.

The record before us supports the conclusion that both parents have notable failings. However, petitioner has not demonstrated that a change in physical custody will substantially enhance the welfare of the children (*see, Matter of Buhrmeister v McFarland, supra,* at 847). Accordingly, Family Court did not err in dismissing petitioner's application for physical custody of the children.

We next reject petitioner's contention that Family Court erred when it struck portions of the testimony of petitioner and petitioner's 15-year-old niece concerning allegations of sexual abuse by respondent. After receiving the testimony, Family Court correctly determined that it was insufficiently cor-

roborated and that petitioner's counsel had failed to produce the niece for cross-examination (see, Matter of Nicole L., 213 AD2d 750, 751, lv denied 86 NY2d 701).

Finally, contrary to petitioner's contention, Family Court did not abuse its discretion by ordering DSS—at the request of the Law Guardian—to file a neglect petition against both parties. Although the recommended and the usual course in a custody proceeding would have been to order an investigation pursuant to Family Court Act § 1034 (1), it is our view that Family Court, under the unique circumstances of this case, properly ordered that a neglect petition be filed. Indeed, sufficient record evidence exists—including indicated DSS reports and ample testimony—of injuries to or conditions of the children "of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of [a] parent" (Family Ct Act § 1046 [a] [ii]).

Cardona, P. J., Crew III and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.