■ In the Matter of CORRINE CORNELL, Appellant, v KATHLEEN M. CORNELL, Respondent. [736 NYS2d 187] —Mugglin, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered February 9, 2000, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to

Family Court Act article 6, for modification of a prior order of custody.

Petitioner seeks custody of her daughter, born in November 1997. At the time of the child's birth, petitioner was an unmarried 19-year-old and, within two months thereafter, she voluntarily gave full custody to respondent, her mother; this agreement was approved by Family Court. Since then, to her credit, petitioner has married, obtained her high school graduate equivalency diploma and has found employment. Moreover, she and her husband have maintained both a suitable residence and visitation with the child during the period of time under review.

As it must, where a parent and a nonparent are litigating custody, Family Court first determined that extraordinary circumstances existed warranting a review of the best interests of the child (*see, Matter of Bennett v Jeffreys*, 40 NY2d 543, 549). The sole basis for a finding of extraordinary circumstances was Family Court's determination that petitioner's husband is an untreated sex offender and that petitioner refuses to believe that to be true.

In March 1999, petitioner's husband (who is 22 years her senior and has an extensive criminal history, but not involving sex crimes) was charged with sexual abuse in the first degree and criminal possession of a weapon in the fifth degree arising from an incident involving a 16-year-old girl, alleged to have occurred on New Year's Eve in petitioner's home. The record demonstrates that in satisfaction of the sexual abuse charge, petitioner's husband entered a plea of guilty to endangering the welfare of a child and was sentenced to three years' probation. At the fact-finding hearing in the custody proceeding, both the alleged victim and petitioner's husband testified, at length, regarding the incident. In making its determination, Family Court credited the testimony of the alleged victim over that of petitioner's husband.

On this appeal, petitioner first asserts that there was insufficient evidence for Family Court to make a determination that her husband is a sexual offender. Family Court's findings "are accorded great deference due to its unique opportunity to assess the credibility of the witnesses" (*Matter of Hrynko v Blaha*, 271 AD2d 714, 716), and its conclusions will be accorded deference as long as they have a "sound and substantial basis in the record and promote the child['s] best interests" (*Matter of Johnson v Johnson*, 279 AD2d 814, 815-816, *lv denied* 96 NY2d 715). On this record, we find no basis upon which to disturb Family Court's findings.

Next, petitioner argues that even if Family Court correctly determined petitioner's husband to be a sexual offender, there still exists insufficient evidence to determine that extraordinary circumstances are present. On the basis of this record, we agree.* As Family Court acknowledged, there is no evidence in this record that petitioner's husband has mistreated the child in any way. Indeed, the evidence is that they have a normal, loving, nurturing relationship. Also, there is no evidence that sexual contact between petitioner's husband and his victim either occurred in the child's presence or has had any deleterious effect on the child. Consequently, we are unable to discern any evidence in this record that petitioner is guilty of neglecting her child, let alone guilty of the "persistent neglect" which is the standard enunciated in *Matter of Bennett v Jeffreys* (40 NY2d 543, 549, *supra*) that must be established to constitute an extraordinary circumstance. In the absence of evidence of persistent neglect, Family Court erred in finding extraordinary circumstances by relying on those cases which have determined that where a spouse is an untreated sexual offender and the parent refuses to admit to such, custody may be denied because such refusal qualifies as permanent neglect of the child by reason of the parent's failure to plan for the future of the child (*see, Matter of Jesus JJ.*, 232 AD2d 752, 753, *lv denied* 89 NY2d 809; *Matter of Albert T.*, 188 AD2d 934, 937; *Matter of Crystal Q.*, 173 AD2d 912, 913, *lv denied* 78 NY2d 855). Reliance on such permanent neglect cases is also misplaced when used as a basis for a finding of extraordinary circumstances to deprive a parent of custody of his or her child, because the requirements of Social Services Law § 384-b are circumvented in that a local social services agency is not required to formulate a plan to reunite the family or to use diligent efforts to encourage and strengthen the parental relationship, nor is the parent given the one-year period within which to meet the requirements of the plan and within which to plan for the future of his or her child (*see, Matter of Jesus JJ., supra,* at 753).

Mercure and Lahtinen, JJ., concur.

Peters, J. (concurring in part and dissenting in part). While we agree with the majority that there was a sound and substantial basis to support Family Court's determination that

---

* Unlike the partial dissent, we find insufficient evidence in this record of the child's medical needs to support Family Court's "grave concern" that petitioner lacks "ability to identify future dangers to the health and safety" of the child. This finding is largely predicated upon respondent's testimony, yet even she, as reported by the Probation Department, agrees that the child is now in good health, having outgrown a sleep apnea problem. Notably absent is any competent medical evidence.

petitioner's husband is a sexual offender, we respectfully disagree that persistent neglect had to first be established before a court can find extraordinary circumstances sufficient to deny petitioner, the biological parent, custody of her child.

It is axiomatic that biological parents have superior claims to custody absent evidence of "surrender, abandonment, persistent neglect, unfitness, disruption of custody over an extended period of time *or other extraordinary circumstances*" (*Matter of Gray v Chambers*, 222 AD2d 753, 753, *lv denied* 87 NY2d 811 [emphasis supplied]; *see, Matter of Bennett v Jeffreys*, 40 NY2d 543, 545-546). Upon our reading of this record and a careful review of the determination rendered by Family Court, we do not find that the court concluded that persistent neglect was established by the refusal of petitioner to admit that her spouse was a sexual offender. In our view, the court merely relied on those cases where a termination of parental rights was found pursuant to Social Services Law § 384-b to demonstrate that where there is such a denial, it is indicative of an inability to provide an adequate and stable home environment such that the child's safety could be assured (*see, Matter of Jesus JJ.*, 232 AD2d 752, 753-754, *lv denied* 89 NY2d 809; *Matter of Albert T.*, 188 AD2d 934, 935; *Matter of Crystal Q.*, 173 AD2d 912, 913, *lv denied* 78 NY2d 855).

With the issue of safety lurking here as a result of the lengthy, antisocial, criminal background of petitioner's spouse, the most recent charge occurring in March 1999 for, inter alia, sexual abuse, and his ultimate conviction of, inter alia, endangering the welfare of a minor,* we find sufficient evidence to support Family Court's finding of extraordinary circumstances not predicated upon a finding of persistent neglect. Giving due deference to the court's assessment of credibility, the background of petitioner's spouse, viewed together with the child's medical needs which petitioner refuses to acknowledge, a determination that the "rare extraordinary circumstance * * * drastically affect[ing] the welfare of the child" (*Matter of Bennett v Jeffreys, supra*, at 549; *see, Matter of Parliament v Harris*, 266 AD2d 217, 217; *Matter of Michael G.B. v Angela L.B.*, 219 AD2d 289, 292-293; *Matter of Simpson v Abare*, 216 AD2d 633, 633) is wholly present. We further note that in determining that extraordinary circumstances exist herein, we have considered the fact that respondent acquired custody of the child shortly after her birth and that the order sought to be modified was not temporary (*see, Matter of McDevitt v Stimp-*

---

* Report of the Tompkins County Probation Department issued as a result of the initiation of this proceeding.

*son,* 281 AD2d 860). For this reason, we find no basis upon which to set aside the finding (*see, Matter of Johnson v Johnson,* 279 AD2d 814, 815-816, *lv denied* 96 NY2d 715; *Matter of Hrynko v Blaha,* 271 AD2d 714, 716).

In making such a determination, we would further conclude that Family Court properly considered the child's best interest in determining an appropriate placement (*see, Matter of Bennett v Jeffreys, supra,* at 549) and that there exists no discernable error in the parameters detailed by the court with respect to petitioner's visitation. Such restrictions were in accord with the recommendations made by both the Law Guardian and the Tompkins County Probation Department and are fully supported by the testimonial evidence. In failing to conclude that Family Court's determinations are "clearly unsupported by the record" (*Matter of Chantel ZZ.,* 279 AD2d 669, 672), we would affirm.

Cardona, P.J., concurs. Ordered that the order is reversed, on the law, without costs, petition granted and custody awarded to petitioner.