■ In the Matter of TAMMY II., Appellant, v JEFFREY HH., Respondent. (And Another Related Proceeding.) [742 NYS2d 727] —Peters, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered October 18, 2000, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of custody.

Petitioner and respondent have joint custody of their two sons, Jeffrey (born in 1984) and Jeremy (born in 1988), whose principal place of residence is with respondent. During a late March 2000 visitation, petitioner was told by Jeffrey that respondent had recently punished Jeremy for his continued bed wetting by placing a piece of urine soaked underwear in his mouth. Jeffrey also told petitioner that he and respondent had an altercation whereby respondent became enraged, picked him up by his throat, threw him to the floor and then kicked and punched him, causing him to suffer both bruises and scratches.

As a result of these disclosures, petitioner sought a modifica-

tion of physical custody. Thereafter, the Broome County Department of Social Services (hereinafter DSS) filed a petition, pursuant to Family Court Act article 10, alleging that respondent neglected his sons. The court received testimony on both petitions simultaneously. In an oral decision, Family Court, inter alia, reviewed the two incidents which Jeffrey had described to petitioner and found that, with respect to Jeremy, the entirety of the evidence indicated that he suffers from enuresis and that respondent failed to properly attend to his condition. Considering the testimony describing Jeremy's compliant demeanor, his reaction when confronted with appropriate discipline, and respondent's inability to appropriately deal with his anger, resulting in the demoralizing and humiliating act inflicted upon Jeremy, the court made a finding of neglect with respect to Jeremy and a derivative finding with respect to Jeffrey,* thereafter issuing an order of fact finding and disposition. The dispositional portion of the order, consented to by the parties, included, inter alia, supervision by DSS of respondent's household, respondent's successful completion of anger management classes, and an order of protection precluding corporal punishment of the children.

Concerning the petition seeking a modification of physical custody, Jeffrey was placed, upon consent, in the joint custody of petitioner and a maternal aunt. The only issue before Family Court, therefore, pertained to the custody of Jeremy. The court concluded that, despite its finding of neglect, it would not modify the order which provided for primary residence of Jeremy with respondent. Petitioner appeals the dismissal of her modification petition.

With the best interests of the child always of paramount concern, "a court is duty bound to consider the totality of the circumstances in assessing whether custody should be changed" (*Matter of Kaczynski v Van Amerongen*, 284 AD2d 600, 601, citing *Eschbach v Eschbach*, 56 NY2d 167, 171; *see, Matter of Esterle v Dellay*, 281 AD2d 722, 725; *Matter of Hrynko v Blaha*, 271 AD2d 714, 716). Despite the finding of neglect against respondent (*cf., Matter of Scott FF. v Laurene EE.*, 278 AD2d 539), Family Court recognized that respondent's frailties which led to such finding would be appropriately addressed by the

---

* Concerning Jeffrey, Family Court did not credit his testimony as to the physical discipline effected by respondent and instead found that the incident at question was precipitated by Jeffrey calling respondent an obscenity during an argument about Jeffrey's continued truancy. Upon our review of the *Lincoln* hearing, we agree. While the court did not find respondent without fault, it did not conclude that the episode rose to the level of neglect in light of the confrontational nature of Jeffrey's long-term behavior.

conditions set forth in the dispositional order. Thereafter reviewing the numerous factors to consider on a custody matter, including "the quality of the parents' respective home environments, the length of time of the custodial arrangement sought to be modified, each parent's past performance and relative fitness, and their ability to guide and provide for the child's intellectual and emotional development" (*Matter of Esterle v Dellay, supra* at 725), the court noted that despite respondent's clear problem with anger management, Jeremy has primarily resided with respondent in Broome County since 1990 while petitioner lives a considerable distance away in Orange County. The evidence further revealed that respondent had done a respectable job as primary custodian of his sons, regularly intervening as Jeffrey struggled in school and pursuing appropriate care for Jeremy when he was diagnosed with attention deficit disorder.

Considering the totality of the circumstances and according appropriate deference to Family Court's credibility determinations, we find a sound and substantial basis in this record to support the conclusion that the child's best interests will be promoted by remaining with respondent (*see, Matter of Johnson v Johnson*, 279 AD2d 814, 816, *lv denied* 96 NY2d 715).

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.